UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE OUELLETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 17-10697-FDS |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

SAYLOR, J.

**I.     Background**

Plaintiff, proceeding *pro se*, filled this action on March 13, 2017, in Massachusetts state court, alleging that the United States Postal Service failed to reimburse him for the contents of a stolen package. He seeks damages for the contents of the package, which he alleges is valued at $600, and costs, which he alleges are $50.[1]

On April 21, 2017, the United States removed the action to this Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), and the Postal Reorganization Act ("PRA"), 39 U.S.C. § 409(a), which provide for federal jurisdiction over claims against the United States and the United States Postal Service, respectively.

On April 25, 2017, the United States moved to dismiss the action for lack of subject-matter jurisdiction. Plaintiff did not file an opposition to that motion, nor did he appear at oral

---

[1] While the pleadings do not identify the contents of the package, it appears that the allegedly stolen package contained an Apple iPhone that plaintiff was attempting to mail to Italy.

argument on the motion.

## II.     Legal Standard

"When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995), *cert. denied*, 515 U.S. 1144 (1995)). If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted. *Id.* Furthermore, in ruling on such a motion, the facts as alleged in the complaint must be taken as true, and *pro se* complaints, in particular, should be liberally construed. *See id.*; *Bahiakina v. United States Postal Service*, 102 F. Supp. 3d 369, 371 (D. Mass. 2015).

## III.    Analysis

"[T]he Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Service*, 546 U.S. 481, 484 (2006). The FTCA, which applies to "tort claims arising out of activities of the Postal Service," 39 U.S.C. § 409(c), establishes a limited waiver of sovereign immunity with 13 enumerated exceptions. 28 U.S.C. §§ 1346(b)(1), 2674, 2680. One of those exceptions states that the FTCA's general waiver of sovereign immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Thus, the so-called "postal-matter exception" to the FTCA preserves sovereign immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489.

The First Circuit has held that "mail that is stolen by a postal employee is thereby 'lost' from the postal system," such that claims of stolen mail fall within the postal-matter exception.

2

*See Levasseur v. United States Postal Service*, 543 F.3d 23, 23 (1st Cir. 2008).  Thus, even taking plaintiff's allegations as true, he cannot meet his burden of establishing that this Court has subject-matter jurisdiction over this action.  *See Bahiakina*, 102 F. Supp. 3d at 371-72 (D. Mass. 2015) (holding that, under postal-matter exception, court lacked subject-matter jurisdiction over claim seeking reimbursement for cost of lost Apple iPad).  The action must, therefore, be dismissed.

**IV.    Conclusion**

For the reasons stated above, the motion of the United States of America to dismiss this action for lack of subject-matter jurisdiction is GRANTED.

**So Ordered.**

Dated: May 18, 2017

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge